Query    Reports    Utilities    Help    Log Out

ECF

# U.S. District Court
## Southern District of New York (White Plains)
## CIVIL DOCKET FOR CASE #: 7:20-cv-04540-KMK

| | |
|---|---|
| WM Bang LLC et al v. Travelers Casualty Insurance Company of America | Date Filed: 06/12/2020 |
| | Jury Demand: Plaintiff |
| Assigned to: Judge Kenneth M. Karas | Nature of Suit: 110 Insurance |
| Demand: $5,000,000 | Jurisdiction: Diversity |
| Related Case:  7:20-cv-04890-KMK | |
| Cause: 28:1332bc Diversity-Breach of Contract | |

**Plaintiff**

| | | |
|---|---|---|
| **WM Bang LLC** | represented by | **Greg Frederic Coleman** |
| *on behalf of themselves and all others similarly situated* | | Greg Coleman Law PC |
| | | 800 S. Gay Street, Suite 1100 |
| | | Knoxville, TN 37929 |
| | | (865)-247-0080 |
| | | Fax: (865)-522-0049 |
| | | Email: greg@gregcolemanlaw.com |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Alex Rafael Straus** |
| | | Greg Coleman Law |
| | | 16748 McCormick St |
| | | 91436-1020 |
| | | Encino, CA 91436-1020 |
| | | 917-471-1894 |
| | | Email: alex@gregcolemanlaw.com |
| | | *ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **Bang LLC** | represented by | **Greg Frederic Coleman** |
| *on behalf of themselves and all others similarly situated* | | (See above for address) |
| *TERMINATED: 06/19/2020* | | *ATTORNEY TO BE NOTICED* |
| *doing business as* | | |
| Bang | | **Alex Rafael Straus** |
| *TERMINATED: 06/19/2020* | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **JBang LLC** | represented by | **Greg Frederic Coleman** |
| *on behalf of themselves and all others similarly situated* | | (See above for address) |
| *doing business as* | | *ATTORNEY TO BE NOTICED* |
| Bang | | |
| | | **Alex Rafael Straus** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |

V.

**Defendant**

| | | |
|---|---|---|
| **Travelers Casualty Insurance Company of America** | represented by | **Wystan M. Ackerman**<br>Robinson & Cole LLP(Hartford)<br>280 Trumbull Street<br>Hartford, CT 06106<br>(860) 275-8200<br>Fax: 860-275-8299<br>Email: wackerman@rc.com<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 06/12/2020 | 1 | COMPLAINT against Travelers Casualty Insurance Company of America (Connecticut). (Filing Fee $ 400.00, Receipt Number ANYSDC-20243274)Document filed by WM Bang LLC, JBang LLC. (Attachments: # 1 Exhibit A - Businessowners Property Coverage Policy, # 2 Exhibit B - Denial of Claim).(Straus, Alex) (Entered: 06/12/2020) |
| 06/12/2020 | 2 | **FILING ERROR - PDF ERROR -**CIVIL COVER SHEET filed..(Straus, Alex) Modified on 6/15/2020 (pne). (Entered: 06/12/2020) |
| 06/12/2020 | 3 | **FILING ERROR - DEFICIENT SUMMONS REQUEST PDF ERROR -** REQUEST FOR ISSUANCE OF SUMMONS as to Travelers Casualty Insurance Company of America, re: 1 Complaint,. Document filed by JBang LLC, WM Bang LLC..(Straus, Alex) Modified on 6/15/2020 (pne). (Entered: 06/12/2020) |
| 06/12/2020 | 4 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by JBang LLC, WM Bang LLC..(Straus, Alex) (Entered: 06/12/2020) |
| 06/15/2020 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge Kenneth M. Karas. Please download and review the Individual Practices of the assigned District Judge, located at https://nysd.uscourts.gov/judges/district-judges. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at https://nysd.uscourts.gov/rules/ecf-related-instructions..(pne) (Entered: 06/15/2020) |
| 06/15/2020 | | Magistrate Judge Paul E. Davison is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf. (pne) (Entered: 06/15/2020) |
| 06/15/2020 | | Case Designated ECF. (pne) (Entered: 06/15/2020) |
| 06/15/2020 | | **\*\*\*NOTICE TO ATTORNEY REGARDING PARTY MODIFICATION. Notice to attorney Alex Rafael Straus. The party information for the following party/parties has been modified: WM Bang LLC, Bang LLC, Travelers Casualty Insurance Company of America. The information for the party/parties has been modified for the following reason/reasons: party name contained a typographical error; party text was omitted; alias party name was omitted. (pne)** (Entered: 06/15/2020) |
| 06/15/2020 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT CIVIL COVER SHEET. Notice to attorney Alex Rafael Straus to RE-FILE Document No. 2 Civil Cover Sheet.** |

| | | |
|---|---|---|
| | | The filing is deficient for the following reason(s): caption entered on civil cover sheet does not match pleading caption; second plaintiff name contains a typographical error. Re-file the document using the event type Civil Cover Sheet found under the event list Other Documents and attach the corrected PDF. (pne) (Entered: 06/15/2020) |
| 06/15/2020 | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS. Notice to Attorney Alex Rafael Straus to RE-FILE Document No. 3 Request for Issuance of Summons. The filing is deficient for the following reason(s): caption entered on summons request PDF does not match pleading caption; second plaintiff name contains a typographical error. Re-file the document using the event type Request for Issuance of Summons found under the event list Service of Process - select the correct filer/filers - and attach the corrected summons form PDF. (pne) (Entered: 06/15/2020) |
| 06/16/2020 | 5 | LETTER MOTION for Leave to File Corrected Class Action Complaint addressed to Judge Kenneth M. Karas from Alex R. Straus dated 06/16/2020. Document filed by Bang LLC, WM Bang LLC. (Attachments: # 1 Text of Proposed Order).(Straus, Alex) (Entered: 06/16/2020) |
| 06/17/2020 | 6 | ORDER GRANTING LEAVE TO FILE CORRECTED COMPLAINT granting 5 LETTER MOTION for Leave to File Corrected Class Action Complaint. THIS MATTER is before me on Plaintiffs' request for leave to file a corrected complaint to revise the second plaintiff's name from Bang, LLC (incorrect) to JBang, LLC. IT IS ORDERED that Plaintiffs shall file a Corrected Complaint wherein the correctcaption should read WM BANG LLC and JBANG LLC dlbla BANG, on behalf of themselves and all others similarly situated vs. TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA.. (Signed by Judge Kenneth M. Karas on 6/17/2020) (jca) (Entered: 06/17/2020) |
| 06/18/2020 | 7 | COMPLAINT against Travelers Casualty Insurance Company of America. Document filed by WM Bang LLC, JBang LLC. (Attachments: # 1 Exhibit A - Businessowners Property Coverage Policy, # 2 Exhibit B - Denial of Claim).(Straus, Alex) (Entered: 06/18/2020) |
| 06/18/2020 | 8 | CIVIL COVER SHEET filed..(Straus, Alex) (Entered: 06/18/2020) |
| 06/18/2020 | 9 | REQUEST FOR ISSUANCE OF SUMMONS as to Travelers Casualty Insurance Company of America, re: 7 Complaint. Document filed by JBang LLC, WM Bang LLC.. (Straus, Alex) (Entered: 06/18/2020) |
| 06/18/2020 | 10 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by JBang LLC, WM Bang LLC..(Straus, Alex) (Entered: 06/18/2020) |
| 06/19/2020 | | ***NOTICE TO ATTORNEY REGARDING PARTY MODIFICATION. Notice to attorney Alex Rafael Straus. The party information for the following party/parties has been modified: JBang LLC. The information for the party/parties has been modified for the following reason/reasons: party text was omitted; alias party name was omitted;. (jgo) (Entered: 06/19/2020) |
| 06/19/2020 | 11 | ELECTRONIC SUMMONS ISSUED as to Travelers Casualty Insurance Company of America..(jgo) (Entered: 06/19/2020) |
| 07/02/2020 | 12 | MOTION for Gregory F. Coleman to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-20531215. Motion and supporting papers to be reviewed by Clerk's Office staff. Document filed by Bang LLC, JBang LLC, WM Bang LLC. (Attachments: # 1 Affidavit in Support of Pro Hac Vice Motion, # 2 Certificate of Good Standing, # 3 Proposed Order).(Coleman, Gregory) (Entered: 07/02/2020) |
| 07/06/2020 | | >>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. |

| | | |
|---|---|---|
| | | **12 MOTION for Gregory F. Coleman to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-20531215. Motion and supporting papers to be reviewed by Clerk's Office staff. The document has been reviewed and there are no deficiencies. (aea)** (Entered: 07/06/2020) |
| 07/06/2020 | 13 | SUMMONS RETURNED EXECUTED Summons and Complaint served. Travelers Casualty Insurance Company of America served on 7/1/2020, answer due 7/22/2020. Service was accepted by Deneen L. Seifel, Fulfillment Specialist. Document filed by WM Bang LLC; JBang LLC..(Straus, Alex) (Entered: 07/06/2020) |
| 07/06/2020 | 14 | ORDER FOR ADMISSION PRO HAC VICE granting 12 Motion for Gregory F. Coleman to Appear Pro Hac Vice. IT IS HEREBY ORDERED that Applicant is admitted to practice Pro Hac Vice in the above captioned case in the United States District Court for the Southern District of New York. All attorneys appearing before this Court are subject to the Local Rules of this Court, including the Rules governing discipline of attorneys. (Signed by Judge Kenneth M. Karas on 7/6/2020) (kv) (Entered: 07/06/2020) |
| 07/22/2020 | 15 | LETTER addressed to Judge Kenneth M. Karas from Wystan M. Ackerman dated July 22, 2020 re: Anticipated motion to dismiss. Document filed by Travelers Casualty Insurance Company of America..(Ackerman, Wystan) (Entered: 07/22/2020) |
| 07/22/2020 | 16 | NOTICE OF APPEARANCE by Wystan M. Ackerman on behalf of Travelers Casualty Insurance Company of America..(Ackerman, Wystan) (Entered: 07/22/2020) |
| 07/23/2020 | 17 | LETTER MOTION for Extension of Time to File Response/Reply as to 15 Letter addressed to Judge Kenneth M. Karas from Alex R. Straus dated 07/23/2020. Document filed by JBang LLC, WM Bang LLC..(Straus, Alex) (Entered: 07/23/2020) |
| 07/24/2020 | 18 | ORDER granting 17 LETTER MOTION for Extension of Time to File Response/Reply as to 15 Letter. Granted. SO ORDERED. (Signed by Judge Kenneth M. Karas on 7/24/2020) (jca) (Entered: 07/24/2020) |
| 08/13/2020 | 19 | LETTER RESPONSE to Motion addressed to Judge Kenneth M. Karas from Alex R. Straus dated 08/13/2020 re: 17 LETTER MOTION for Extension of Time to File Response/Reply as to 15 Letter addressed to Judge Kenneth M. Karas from Alex R. Straus dated 07/23/2020. *Letter Response to Defendant's Pre-Motion Letter 15* . Document filed by JBang LLC, WM Bang LLC..(Straus, Alex) (Entered: 08/13/2020) |
| 08/14/2020 | 20 | MEMO ENDORSEMENT on re: 19 Response to Motion, filed by JBang LLC, WM Bang LLC. ENDORSEMENT: Granted. SO ORDERED. (Amended Pleadings due by 9/3/2020.) (Signed by Judge Kenneth M. Karas on 8/13/2020) (jca) (Entered: 08/14/2020) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 08/18/2020 15:46:03 | | |
| **PACER Login:** | Wbmllp2012 | **Client Code:** | 2293-13 SEH |
| **Description:** | Docket Report | **Search Criteria:** | 7:20-cv-04540-KMK |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WM BANG LLC and BANG LLC D/B/A BANG, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA,<br><br>        Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs WM Bang LLC and JBang LLC D/B/A Bang (collectively, "Bang" or "Plaintiff") bring this case on behalf of themselves and all others similarly situated, against Defendant Travelers Casualty Insurance Company of America ("Defendant"), and alleges as follows:

## <u>NATURE OF THE ACTION</u>

1.      Bang is a restaurant located in The Westchester. The Westchester is a shopping mall located in downtown White Plains, New York.  Like many businesses in New York, including restaurants, Bang was forced to significantly curtail its services due to Orders issued by the State of New York in connection with the COVID-19 pandemic (also known as the "Coronavirus" or "SARS-CoV-2"). Bang also suffered loss of Business Personal Property in the form of food stock loss.

2.      Bang sought to protect itself – and reasonably believed that it had protected itself – in the event that its operations were suspended or reduced for reasons outside of its control beyond just damage to the physical premises (such as fire), by purchasing "all-risk" Businessowners Property Coverage through Defendant (the "Policy"). *See* Exhibit A. An "all-risk" property policy provides broad coverage for losses resulting from any cause unless expressly excluded.

1

3.      Among other coverages, the Policy specifically includes coverage for Business Personal Property like perishable goods, Business Income for twelve (12) months of actual loss sustained, and coverage for action of Civil Authority for three weeks. These coverages purchased by Plaintiff are not subject to any relevant exclusion for losses caused by a pandemic.

4.      Moreover, the purported virus exclusion does not apply here because a legal proximate cause of Plaintiff's, and other Class Members' losses, was the civil authority orders issued by the State of New York ("New York Civil Authority Orders"), and similar civil authority orders issued to prevent the spread of COVID-19.

5.      Notwithstanding this coverage, when Bang suffered an actual loss of perishable goods, and Business Income as a result of a Covered Cause of Loss and needed its Business Personal Property, Business Income, and Civil Authority coverages, Defendant wrongfully – and in contravention of the policy – denied Bang's insurance claim. *See* Exhibit B.

6.      Plaintiff is not alone. Defendant has systematically refused to pay all their insureds for losses suffered connected to the COVID-19 pandemic and/or civil authority orders, regardless of whether the implicated insurance policy has an applicable pandemic exclusion or not.

## **PARTIES**

7.      Plaintiffs WM Bang LLC and JBang LLC are both Delaware limited liability companies with principal places of business in White Plains, New York. Plaintiffs WM Bang LLC and JBang LLC do business as Bang. *See also* https://www.eatatbang.com/.

8.      Defendant Travelers Casualty Insurance Company of America is a corporation incorporated under the laws of Connecticut with its principal place of business in Hartford, Connecticut.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because Plaintiff, as well as other members of the Classes, and Defendant are citizens of different states, and because: (a) the Classes consist of at least 100 members; (b) the amount in controversy exceeds $5,000,000 exclusive of interest and costs; and (c) no relevant exceptions apply to Plaintiff's claim.

10.     This Court has personal jurisdiction over Defendant, because a substantial portion the alleged wrongdoing occurred in the state of New York, and Defendant has sufficient contacts with the state of New York. Venue is proper in this District under 28 U.S.C. § 1391(b)(3) because a substantial portion of the acts and conduct giving rise to the claims occurred within the District.

## FACTUAL BACKGROUND

11.     Plaintiff paid an annual premium of $4,917.19 to Defendant, who issued to Plaintiff Policy No. 680-9N029386-19-42, for the annual period beginning September 10, 2019. Plaintiff performed all its obligations under the Policy, including the payment of premiums. The Covered Property (premises) is at 125 Westchester Ave., White Plains, Ny 10601.

12.     Some insurance policies cover specific and identified risks, such as tornadoes, hurricanes, or fires. However, most property policies in the United States of America, including those sold by Defendant, are "all-risk" policies. These types of policies cover ___**all**___ risks of loss, and only exclude narrow and specifically enumerated risks.

13.     In the policy, Defendant agreed to pay "for direct physical loss of or damage to Covered Property ... caused by or resulting from a Covered Cause of Loss." A Covered Cause of Loss is defined as all "RISKS OF DIRECT PHYSICAL LOSS" except those that are expressly and specifically listed in the Limitations or Exclusions sections of the policy. *See* Exhibit A, Businessowners Property Coverage Special Form (MP T1 02 02 05), at A.4.

3

14.     Losses due to the COVID-19 pandemic and the New York Civil Authority Orders are a Covered Cause of Loss under Businessowners Property Coverage Special Form because they constitute RISKS OF DIRECT PHYSICAL LOSS and are not otherwise excluded.

15.     Covered Property coverage includes coverage for Business Personal Property, such as loss of perishable food stock. *See* Exhibit A, Form MP T1 02 02 05, at A.2.(b).

16.     In the Businessowners Property Coverage Special Form, apart from general coverage, as part of additional coverages, Defendant agreed to pay for Plaintiff's actual loss of Business Income sustained due to the suspension of Plaintiff's operations caused by direct physical loss of *or* damage to property. Specifically, the policy provides:

> 3.  **Business Income and Extra Expense**
>     Business Income and Extra Expense is provided at the premises described in the Declarations when the Declarations show that you have coverage for Business Income and Extra Expense.
>     a.  **Business Income**
>         (1) Business Income means:
>             (a) Net Income (Net Profit or Loss before income taxes) that would have been earned or incurred, including:
>                 (i)  "Rental Value"; and
>                 (ii) "Maintenance Fees", if you are a condominium association; and
>             (b) Continuing normal operating expenses incurred, including payroll.
>         (2) We will pay for the actual loss of Business Income you sustain due to the necessary "suspension" of your "operations" during the "period of restoration". The "suspension" must be

> caused by direct physical loss of or damage to property at the described premises. The loss or damage must be caused by or result from a Covered Cause of Loss. With respect to loss of or damage to personal property in the open or personal property in a vehicle, the described premises include the area within 1,000 feet of the site at which the described premises are located.

*See* Exhibit A, Form MP T1 02 02 05, at A.3; Businessowners Coverage Part Declarations.

17.     The Businessowners Property Coverage Special Form also includes Civil Authority coverage, under which Defendant agreed to pay for the actual loss of Business Income sustained when access to the insured premises is prohibited by actions of a civil authority "due to direct physical loss of or damage to property at locations, other than described premises, that are within

4

100 miles of the described premises, caused by or resulting from a Covered Cause of Loss." *See* Exhibit A, Form MP T1 02 02 05, at A.7.g.

18.    As explained below, the COVID-19 pandemic throughout the State of New York where Plaintiff is located, and the New York Civil Authority Orders (and similar civil authority orders issued by local, state, and federal authorities) constitute a Covered Cause of Loss triggering the Business Personal Property, Business Income, and Civil Authority provisions of the Businessowners Property Coverage Special Form.

A. *Covered Cause of Loss*

1.   **COVID-19 Pandemic**

19.    On January 30, 2020, the World Health Organization ("WHO") declared the COVID-19 outbreak a "Public Health Emergency of International Concern."[1] Later, on March 11, 2020, the WHO declared COVID-19 a global health pandemic. On March 13, 2020, President Trump declared a national emergency in the face of a growing public health and economic crisis due to the global COVID-19 Pandemic.

20.    In the State of New York alone, there have been over 380,000 positive cases of COVID-19, and over 24,000 related deaths.[2] In Westchester County, in which Bang is located, there have been over 34,000 confirmed cases of COVID-19, and 1,400 resident fatalities.[3]

---

[1]https://www.who.int/news-room/detail/30-01-2020-statement-on-the-second-meeting-of-the-international-health-regulations-(2005)-emergency-committee-regarding-the-outbreak-of-novel-coronavirus-(2019-ncov) (last visited June 11, 2020).
[2]https://covid19tracker.health.ny.gov/views/NYS-COVID19-Tracker/NYSDOHCOVID-19Tracker-Map?%3Aembed=yes&%3Atoolbar=no&%3Atabs=n (last visited June 11, 2020).
[3]*Id.*

21. The Center for Disease Control's website and other sources indicate that COVID-19 spreads when people are in close contact with one and may spread when a person comes in contact with a surface or object that has the virus on it.[4]

22. According to published research, the virus that causes COVID-19 remains stable and transmittable for up to three hours in aerosols, up to four hours on copper, up to twenty-four hours on cardboard, and up to two to three days on plastic and stainless steel.[5]

**2.     The New York Civil Authority Orders**

23. The physical spread of COVID-19 has caused civil authorities to issue orders requiring the suspension of businesses, including civil authorities with jurisdiction over Plaintiff's practice, to slow down its deadly and dangerous spread of the COVID-19 pandemic.

24. Nearly every state in the country has or had an order restricting the operation of non-essential businesses and requiring social distancing. At the peak "the number of Americans under instructions to stay at home has persisted at an astonishing level…accounting for a stunning 95 percent of the population." *See* https://www.nytimes.com/interactive/2020/us/coronavirus-stay-at-home-order.html.

25. The     New     York     Civil     Authority     Orders     (*see* https://www.governor.ny.gov/keywords/executive-order) include:

   a. On March 7, 2020, New York Governor Andrew Cuomo issued Executive Order No. 202, "Declaring A Disaster Emergency in the State of New York". The March

---

[4]https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/how-COVID-spreads.html (last visited June 11, 2020).
[5]https://www.nih.gov/news-events/nih-research-matters/study-suggests-new-coronavirus-may-remain-surfaces-days  (last visited June 11, 2020).

7 Order recited that "travel-related cases and community transmission of COVID-19 have been documented in New York State and more are expected to continue."

b. On March 18, 2020, Governor Cuomo issued Executive Order No. 202.6, "Continuing Temporary Suspension and Modification of Laws Relating to the Disaster Emergency". The March 18 Order required that all non-essential businesses and non-profits reduce their in-person workforce by 50% no later than March 20 at 8:00 p.m.

c. On March 20, 2020, Governor Cuomo issued Executive Order No. 202.8, "Continuing Temporary Suspension and Modification of Laws Relating to the Disaster Emergency". The March 20 Order required that all non-essential businesses and non-profits reduce their in-person workforce by 100% no later than March 22 at 8:00 p.m. Non-essential businesses include "[a]ny dine-in or on-premise restaurant or bar service, excluding take-out or delivery for off-premise consumption."[6]

26.    In short, the New York Civil Authority Orders prohibited Plaintiff's business from being open and prohibited access to Plaintiff's business.

**3.    Impact of the COVID-19 Pandemic and the New York Civil Authority Orders**

27.    Bang and the proposed Classes defined below have suffered direct physical loss of Business Personal Property and actual loss of Business Income due to the necessary suspension of operations.

---

[6]*See* https://www.governor.ny.gov/sites/governor.ny.gov/files/atoms/files/EO_202.8.pdf.; https://esd.ny.gov/guidance-executive-order-2026 (designating on-premise restaurants, like Plaintiff, as non-essential) (last visited June 11, 2020).

28.     The COVID-19 pandemic and the New York Civil Authority Orders (and similar civil authority orders) constitute a Covered Cause of Loss, as they constitute "RISKS OF DIRECT PHYSICAL LOSS" and are not otherwise excluded.

29.     The suspension of Plaintiff's operations was caused by "direct physical loss of *or* damage to" property in the form of a loss of access to the insured property caused by the COVID-19 pandemic, and the New York Civil Authority Orders.

30.     The COVID-19 Pandemic and the New York Civil Authority Orders separately implicated the Civil Authority coverage, because access to the scheduled premises was prohibited by order of a civil authority. And the civil authority order was due to direct physical loss of or damage to property at locations within 100 miles of the covered premises, caused by or resulting from "RISK[] OF DIRECT PHYSICAL LOSS": the COVID-19 pandemic.

31.     Having suffered a loss of property and a suspension of operations, Plaintiff submitted a claim to Defendant under the policy. Defendant denied Plaintiff's claim. *See* Exhibit B. Defendant based their denial of the claims based primarily on their contentions that:

      a.    "The presence or possible presence of the COVID-19 virus does not constitute 'direct physical loss of or damage to property'…Because the limitations on your business operations were the result of the Governmental Order as opposed to 'direct physical loss or damage to property at the described premises'";

      b.    "Covered Causes of Loss are 'RISKS OF DIRECT PHYSICAL LOSS' that are not otherwise limited or excluded [and the policy includes], an exclusion for 'loss or damage caused by or resulting from any virus' -- such as the COVID-19 virus – 'that induces or is capable of inducing physical distress, illness or disease.'"

32. These purported reasons are not proper bases for Defendant's denial of Plaintiff's claim. A significant legal proximate cause of the physical loss of property here was the New York Civil Authority Orders, which constitute a "RISK[] OF DIRECT PHYSICAL LOSS" of property. As Defendant admits: "We have confirmed the Governmental Order required closure of your business and prohibited access to the described premises." Second, the COVID-19 pandemic itself is direct physical loss of or damage to property as the COVID-19 pandemic caused a physical loss of property. And the purported virus exclusion does not exclude coverage here.

33. The "virus exclusion" excludes coverage only "for loss or damage caused by or resulting from any virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness or disease", however a legal proximate cause of the physical loss here was not a virus, but the New York Civil Authority Orders. Defendant could have chosen to add an anti-concurrent exclusion that would have excluded viruses "regardless of any other cause or event that contributes concurrently or in any sequence to the loss" but did not do so. Many other insurance companies have such language related to their purported virus exclusions.

34. Also, while the policy contains a virus exclusion -- the policy does not exclude coverage for a national state of disaster like the current pandemic, which is more akin to a tornado than damage from a microorganism itself. The insurance industry knows how to exclude "pandemics and epidemics" and has done so in other contexts. *See* https://www.travelinsurance.com/brochure/Allianz/Allianz_Basic_FL_0216.pdf ("You aren't covered for any loss that results directly or indirectly from any of the following general exclusions. The following Events: an epidemic or pandemic[.]"). Here it did not.

35. The simple truth is that Defendant pre-determined its intent to deny coverage for any business interruption claim related to the COVID-19 pandemic and civil authority orders

9

connected to the COVID-19 pandemic. Boiled to its essence, the subject matter of this case is simple. Defendant has, on a widespread and class-wide basis, refused to provide Business Personal Property, Business Income, and Civil Authority coverage related to the COVID-19 pandemic and the executive orders by civil authorities that have caused loss and required the suspension of practice *no matter* the language or scope of coverage in any particular insurance policy.

## CLASS ALLEGATIONS

36.     Plaintiff brings this action individually and on behalf of the following similarly situated classes (the "Classes") pursuant to Rule 23(a), 23(b)(1), 23(b)(2), 23(b)(3), and 23(c)(4) of the Federal Rules of Civil Procedure.

37.     Plaintiff seeks to represent nationwide classes defined as follows:

### Business Personal Property Breach Class

All persons and entities that: (a) had Business Personal Property coverage under a property insurance policy issued by Defendant; (b) suffered a direct physical loss of or damage to their Business Personal Property related to the COVID-19 pandemic or the New York Civil Authority Orders (or other civil authority order related to COVID-19); (c) made a claim under their property insurance policy issued by Defendant; and (d) were denied coverage by Defendant.

### Business Income Breach Class

All persons and entities that: (a) had Business Income coverage under a property insurance policy issued by Defendant; (b) suffered a suspension of their operations related to the COVID-19 pandemic or the New York Civil Authority Orders (or other civil authority order related to COVID-19) impacting the premises covered by their property insurance policy; (c) made a claim under their property insurance policy issued by Defendant; and (d) were denied coverage by Defendant.

### Civil Authority Breach Class

All persons and entities that: (a) had Civil Authority coverage under a property insurance policy issued by Defendant; (b) suffered a loss of Business Income caused by an order of a civil authority that prohibited access to the premises covered by their property insurance policy as the direct result of the damage caused by the COVID-19 pandemic to property within 100 miles of the insureds covered property; (c) made a claim under their property insurance policy issued by

Defendant; and (d) were denied Civil Authority coverage by Defendant for the loss of Business Income.

38.     Plaintiff also seeks to represent nationwide declaratory judgment classes defined as follows:

### Business Personal Property Judgment Class

All persons and entities with Business Personal Property coverage under a property insurance policy issued by Defendant that suffered a direct physical loss of or damage to their Business Personal Property related to the COVID-19 pandemic or the New York Civil Authority Orders (or other civil authority order related to COVID-19).

### Business Income Declaratory Judgment Class

All persons and entities with Business Income coverage under a property insurance policy issued by Defendant that suffered a suspension of their operations related to COVID-19 pandemic or the New York Civil Authority Orders (or other civil authority order related to COVID-19) impacting the premises covered by their property insurance policy.

### Civil Authority Declaratory Judgment Class

All persons and entities with Civil Authority coverage under a property insurance policy issued by Defendant that suffered a loss of Business Income caused by an order of a civil authority that prohibited access to the premises covered by their property insurance policy as the direct result of the damage caused by the COVID-19 pandemic to property within 100 miles of the insureds covered property.[7]

39.     Excluded from the proposed Classes are Defendant, any parent companies, subsidiaries, affiliates, officers, directors, legal representatives, employees, co-conspirators, all governmental entities, and any judge, justice, or judicial officer presiding over this matter, as well as members of their staff and immediate families. Plaintiff reserves the right to amend the Class definitions above or add appropriate subclasses during or following discovery. Also excluded from

---

[7] The three Declaratory Judgment Classes together will be referred to as the "Declaratory Judgment Classes."

the Classes are insureds that have not complied with applicable provisions of their policies, such as the payment of premiums.

40.     This action is brought and may be properly maintained as a class action. There is a well-defined community of interests in this litigation and the members of the Classes are easily ascertainable.

41.     The members in the proposed Classes are so numerous that individual joinder of all members is impracticable, and the disposition of the claims of the members of the Classes in a single action will provide substantial benefits to the parties and the Court.

42.     This action involves common questions, which predominate over questions affecting individual members of the Classes, including (without limitation):

- whether members of the Classes suffered a covered cause of loss based on the common policies issued by Defendant;

- whether the COVID-19 pandemic and/or an order of a civil authority related to the COVID-19 pandemic constitutes a Covered Cause of Loss;

- whether Defendant's Business Income coverage applies to a suspension of business operations caused by COVID-19 pandemic and/or an order of a civil authority related to the COVID-19 pandemic;

- whether Defendant's Business Personal Property coverage applies to direct physical loss of or damage to Business Personal Property caused by the COVID-19 pandemic and/or an order of a civil authority related to the COVID-19 pandemic;

- whether a suspension of business operations caused by the COVID-19 pandemic and/or an order of a civil authority related to the COVID-19 pandemic qualifies as a suspension of business operations caused by direct physical loss of property;

- whether an order by a civil authority related to the COVID-19 pandemic (including the New York Civil Authority Orders) qualifies an insured for Civil Authority coverage;

- whether members of the Classes sustained damages as a result of Defendant denying their claims made under the common policies; and

- whether Defendant breached its contracts of insurance by denying Class members' Business Personal Property, Business Income, and Civil Authority claims related to the COVID-19 pandemic and/or an order of a civil authority related to the COVID-19.

43.     Defendant engaged in a course of common conduct that gave rise to the legal rights sought to be enforced by Plaintiff individually and on behalf of the other members of the Classes. Identical business practices and harms are involved. Individual questions, if any, are not prevalent in comparison to the numerous common questions that dominate this action.

44.     Plaintiff's claims are typical of those of the members of the Classes because they are based on the same underlying facts, events, and circumstances relating to Defendant's conduct, including the systematic denial of insurance coverage related to Business Personal Property, Business Income insurance and the COVID-19 pandemic and/or an order of a civil authority related to the COVID-19 pandemic.

45.     Plaintiff will fairly and adequately represent and protect the interests of the Classes, has no interests incompatible with the interests of the Class members, and has retained counsel competent and experienced in class action and consumer protection litigation.

46.     Class treatment is superior to other options for resolution of the controversy because the relief sought for each member of the Classes is small enough such that, absent representative litigation, it would be infeasible for many members of the Classes to redress the wrongs done to them. Moreover, individualized litigation would create potential for inconsistent judgments on identical issues and increase the delay and expense to the parties and the Court. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of adjudication by a single court.

47.     As a result of the foregoing, class treatment under Federal Rule of Civil Procedure 23(b)(3) is appropriate.

48. Class treatment is also appropriate under Federal Rule of Civil Procedure 23(b)(1). Plaintiff seeks class-wide adjudication related to Defendant's Business Personal Property, Business Income, and Civil Authority coverages. The prosecution of separate actions by individual members of the Classes would create a risk of inconsistent adjudications.

49. Class treatment is also appropriate under Federal Rule of Civil Procedure 23(b)(2). Defendant acted or refused to act on grounds generally applicable to Plaintiff and the other members of the Classes, thereby making appropriate final injunctive and declaratory relief.

## CLAIMS FOR RELIEF

### CLAIM I: BREACH OF CONTRACT - Business Personal Property Coverage
### (Plaintiff Individually and on Behalf of the Business Personal Property Breach Class)

50. Plaintiff hereby realleges and incorporates by reference all allegations raised in the preceding paragraphs as if fully stated herein.

51. Plaintiff brings this claim against Defendant individually and on behalf of the members of the Business Personal Property Breach Class.

52. Plaintiff's insurance policy, as well as those of the members of the Business Personal Property Breach Class, are contracts under which premiums were paid to Defendant in exchange for promises to pay Plaintiff and the Business Personal Property Breach Class Members' losses for claims covered by Defendant's all-risk policy.

53. The Businessowners Property Coverage Special Form states that Defendant "will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from a Covered Cause of Loss." Business Personal Property is a form of Covered Property.

54. The COVID-19 pandemic, and/or orders of civil authority related to the COVID-19 pandemic (like the New York Civil Authority Orders) caused "direct physical loss of or

damage" to "Covered Property" under the Plaintiff's policy, and the policies of the other Business Personal Property Breach Class members.

55.     Losses caused by the COVID-19 pandemic, and/or orders of civil authority related to the COVID-19 pandemic (like the New York Civil Authority Orders) thus triggered the Business Personal Property provision of Plaintiff's and the other members of the Business Personal Property Breach Class' insurance policies.

56.     Plaintiff and the members of the Business Personal Property Breach Class have complied with all applicable provisions of their policies.

57.     Plaintiff and the members of the Business Personal Property Breach Class made timely claims under their property insurance policies issued by Defendant.

58.     Defendant has breached their coverage obligations under Plaintiff and the Business Personal Property Breach Class Members' policies by denying coverage for any Business Personal Property losses incurred in connection with the COVID-19 pandemic, and/or orders of civil authority related to the COVID-19 pandemic (like the New York Civil Authority Orders).

59.     As a direct and proximate result of Defendant's breaches, Plaintiff and the members of the Business Personal Property Breach Class have sustained damages for which Defendant is liable, in an amount to be established at trial.

## CLAIM II: BREACH OF CONTRACT - Business Income Coverage
### (Plaintiff Individually and on Behalf of the Business Income Breach Class)

60.     Plaintiff hereby realleges and incorporates by reference all allegations raised in the preceding paragraphs as if fully stated herein.

61.     Plaintiff brings this claim against Defendant individually and on behalf of the members of the Business Income Breach Class.

62.     Plaintiff's insurance policy, as well as those of the members of the Business Income Breach Class, are contracts under which premiums were paid to Defendant in exchange for promises to pay Plaintiff and the Business Income Breach Class Members' losses for claims covered by Defendant's all-risk policy.

63.     The Businessowners Property Coverage Special Form states that Defendant "will pay for the actual loss of Business Income you sustain due to the necessary 'suspension' of your 'operations' during the 'period of restoration'. The 'suspension' must be caused by direct physical loss of or damage to property at the described premises…caused by or result from a Covered Cause of Loss."

64.     "Operations" is defined as "business activities occurring at the 'scheduled premises' and tenantability of the 'scheduled premises.'"

65.     Suspension is defined (in relevant part) as "[t]he partial or complete cessation of…business activities[.]"

66.      "Business Income" is defined as:

> (1) Business Income means:
> (a) Net Income (Net Profit or Loss before income taxes) that would have been earned or incurred, including:
> (i) "Rental Value"; and
> (ii) "Maintenance Fees", if you are a condominium association; and
> (b) Continuing normal operating expenses incurred, including payroll.

67.     The COVID-19 pandemic, and/or orders of civil authority related to the COVID-19 pandemic (like the New York Civil Authority Orders) caused "direct physical loss" under the Plaintiff's policy, and the policies of the other Business Income Breach Class members, by denying

16

use of the insured premises, and by causing a necessary suspension and reduction of operations during a period of restoration.

68.     Losses caused by the COVID-19 pandemic, and/or orders of civil authority related to the COVID-19 pandemic (like the New York Civil Authority Orders) thus triggered the Business Income provision of Plaintiff's and the other members of the Business Income Breach Class' insurance policies.

69.     Plaintiff and the members of the Business Income Breach Class have complied with all applicable provisions of their policies.

70.     Plaintiff and the members of the Business Income Breach Class made timely claims under their property insurance policies issued by Defendant.

71.     Defendant has breached their coverage obligations under Plaintiff and the Business Income Breach Class Members' policies by denying coverage for any Business Income losses incurred in connection with the COVID-19 pandemic, and/or orders of civil authority related to the COVID-19 pandemic (like the New York Civil Authority Orders).

72.     As a direct and proximate result of Defendant's breaches, Plaintiff and the members of the Business Income Breach Class have sustained damages for which Defendant is liable, in an amount to be established at trial.

### CLAIM III: BREACH OF CONTRACT – Civil Authority Coverage
### (Plaintiff Individually and on Behalf of the Civil Authority Breach Class)

73.     Plaintiff hereby realleges and incorporates by reference all allegations raised in the preceding paragraphs as if fully stated herein.

74.     Plaintiff brings this claim against Defendant individually and on behalf of the members of the Civil Authority Breach Class.

75.     Plaintiff's policy, as well as those of the members of the Civil Authority Breach Class, are contracts under which premiums were paid to Defendant in exchange for promises to pay Plaintiff and the Civil Authority Breach Class Members' losses for claims covered by the policy.

76.     Plaintiff's policy, as well as those of the members of the Civil Authority Breach Class are extended to apply to "actual loss of Business Income…caused by action of civil authority that prohibits access to the described premises [when the civil authority action is] due to direct physical loss of or damage to property at locations, other than described premises that are within 100 miles of the described premises,  caused by or resulting  from  a  Covered  Cause  of Loss."

77.     The COVID-19 Pandemic caused civil authorities to issue the orders of civil authority (like the New York Civil Authority Orders), which specifically prohibited access to Plaintiff and the Civil Authority Breach Class Members' insured property based on "RISKS OF DIRECT PHYSICAL LOSS" to property within 100 miles of the described premises.

78.     Losses caused by the COVID-19 Pandemic thus triggered the Civil Authority provision of Plaintiff and the Civil Authority Breach Class Members' insurance policies.

79.     Plaintiff and the Civil Authority Breach Class Members have complied with all applicable provisions of their policies.

80.     Plaintiff and the Civil Authority Breach Class Members made timely claims under their property insurance policies issued by Defendant.

81.     Defendant has breached their coverage obligations under Plaintiff and the Civil Authority Breach Class Members' policies by denying coverage for any Civil Authority losses incurred in connection with the COVID-19 Pandemic and/or orders of civil authority related to the COVID-19 Pandemic (like the New York Civil Authority Orders).

82.     As a direct and proximate result of Defendant's breaches, Plaintiff and the Civil Authority Breach Class Members have sustained damages for which Defendant is liable, in an amount to be established at trial.

### CLAIM IV: DECLARATORY JUDGMENT – Business Income Coverage
### (Claim Brought on Behalf of the Declaratory Judgment Classes)

83.     Plaintiff hereby realleges and incorporates by reference all allegations raised in the preceding paragraphs as if fully stated herein.

84.     Plaintiff brings this claim against Defendant individually and on behalf of the members of the Declaratory Judgment Classes.

85.     Plaintiff's policy, as well as those of the members of the Declaratory Judgment Classes, are contracts under which premiums were paid to Defendant in exchange for promises to pay losses for claims covered by their insurance policies.

86.     Plaintiff and the members of the Declaratory Judgment Classes have complied with all applicable provisions of the policies.

87.     Defendant has denied claims related to the COVID-19 pandemic and/or orders of civil authority related to the COVID-19 pandemic (like the New York Civil Authority Orders) on a uniform and class wide basis, without individual bases or investigations, such that the Court can render declaratory judgment irrespective of whether members of the Declaratory Judgment Classes have filed a claim.

88.     An actual case or controversy exists regarding Plaintiff and the Declaratory Judgment Class Members' rights and Defendant's obligations under the policies to provide reimbursements for the full amount of losses incurred by Plaintiff and the Declaratory Judgment Classes Members in connection with the COVID-19 pandemic and/or orders of civil authority related to the COVID-19 pandemic (like the New York Civil Authority Orders).

19

89. Pursuant to 28 U.S.C. § 2201, Plaintiff and the Business Personal Property Declaratory Judgment Class Members seek a declaratory judgment from this Court declaring the following:

    a. Plaintiff and the Business Personal Property Declaratory Judgment Class Members' Business Personal Property losses incurred in connection with the COVID-19 pandemic and/or orders of civil authority related to the COVID-19 pandemic (like the New York Civil Authority Orders) are insured losses under their policies; and

    b. Defendant is obligated to pay Plaintiff and the Business Personal Property Declaratory Judgment Class Members' for their physical loss of or damage to Business Personal Property incurred in connection with the COVID-19 pandemic and/or orders of civil authority related to the COVID-19 pandemic (like the New York Civil Authority Orders).

90. Pursuant to 28 U.S.C. § 2201, Plaintiff and the Business Income Declaratory Judgment Class Members seek a declaratory judgment from this Court declaring the following:

    a. Plaintiff and the Business Income Declaratory Judgment Class Members' Business Income losses incurred in connection with necessary interruption of their businesses due to the COVID-19 pandemic and/or orders of civil authority related to the COVID-19 pandemic (like the New York Civil Authority Orders) are insured losses under their policies; and

    b. Defendant is obligated to pay Plaintiff and the Business Income Declaratory Judgment Class Members for the amount of the Business Income losses incurred in connection with the period of restoration and the necessary interruption of their businesses at their insured property stemming from the COVID-19 pandemic and/or orders of civil authority related to the COVID-19 pandemic (like the New York Civil Authority Orders).

91. Pursuant to 28 U.S.C. § 2201, Plaintiff and the Civil Authority Declaratory Judgment Class Members seek a declaratory judgment from this Court declaring the following:

    a. Plaintiff and the Civil Authority Declaratory Judgment Class Members' Business Income losses caused by an order of a civil authority that prohibited access to the premises covered by their property insurance policy as the direct result of the damage caused by the COVID-19 pandemic to property within 100 miles of the insureds covered property are insured losses under their policies; and

b. Defendant is obligated to pay Plaintiff and the Civil Authority Declaratory Judgment Class for the amount of the Business Income losses incurred and to be incurred caused by an order of a civil authority that prohibited access to the premises covered by their property insurance policy as the direct result of the damage caused by the COVID-19 pandemic to property within 100 miles of the insureds covered property.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Classes, respectfully requests that the Court enter judgment against Defendant as follows:

i. Entering an order certifying each of the proposed Classes;

ii. Entering an order designating Plaintiff as Class Representative, and appointing Plaintiff's undersigned attorneys as Counsel for the Classes;

iii. Entering judgment on Counts I, II, and III in favor of Plaintiff, the Business Personal Property Breach Class, the Business Income Breach Class, and the Civil Authority Breach Class, and awarding damages for breach of contract in an amount to be determined at trial;

iv. Entering declaratory judgments on Count IV in favor of Plaintiff and the Declaratory Judgment Classes (as set forth in Count IV);

v. Ordering Defendant to pay both pre- and post-judgment interest on any amounts awarded;

vi. Ordering Defendant to pay reasonable attorneys' fees and costs of suit; and

vii. Ordering such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.

Date: June 12, 2020

Respectfully submitted,

**GREG COLEMAN LAW PC**

/s/Alex R. Straus
Alex R. Straus (NY Bar No. 5175419)
16748 McCormick Street
Los Angeles, CA 91436
T: 917-471-1894
alex@gregcolemanlaw.com

Gregory F. Coleman*
First Tennessee Plaza
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
T: 865-247-0080
F: 865-522-0049
greg@gregcolemanlaw.com

Shanon J. Carson*
**BERGER MONTAGUE PC**
1818 Market Street
Suite 3600
Philadelphia, PA 19103
T: 215-875-4656
scarson@bm.net
mitwersky@bm.net

John G. Albanese*
**BERGER MONTAGUE PC**
43 SE Main Street, Suite 505
Minneapolis, MN 55414
Tel: (612) 594-5997
Fax: (612) 584-4470
Email: jalbanese@bm.net

Daniel K. Bryson*
Patrick M. Wallace*
**WHITFIELD BRYSON LLP**
900 W. Morgan Street
Raleigh, NC 27605
T: 919-600-5000
F: 919-600-5035
dan@whitfieldbryson.com
pat@whitfieldbryson.com

*pro hac vice forthcoming*

***Attorneys for Plaintiff and the putative classes***