UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: TRAVELERS COVID-19 BUSINESS
INTERRUPTION PROTECTION INSURANCE LITIGATION          MDL No. 2965

ORDER DENYING TRANSFER

**Before the Panel:**[*] At its July 2020 hearing session, the Panel considered two motions seeking centralization of an industry-wide litigation involving insurance claims for coverage for business interruption losses caused by the COVID-19 pandemic and the related government orders suspending, or severely curtailing, operations of non-essential businesses. We denied the motions, concluding that the differences among the many insurers would overwhelm any common factual questions and hinder the transferee court's ability to efficiently manage the litigation. *See In re COVID-19 Bus. Interruption Prot. Ins. Litig.*, MDL No. 2942, 2020 WL 4670700, __ F. Supp. 3d __ (J.P.M.L. Aug. 12, 2020). In the briefing on those motions, several parties proposed that insurer-specific MDLs be created. We concluded that we needed "a better understanding of the factual commonalities and differences among these actions, as well as the efficiencies that may or may not be gained through centralization, before creating an insurer-specific MDL." *Id.* at *3. Therefore, we ordered the Panel Clerk to issue orders directing the parties to certain actions involving a common insurer or group of insurers to show cause why those actions should not be centralized.

One of those orders encompassed the fourteen actions listed on Schedule A,[1] which are all brought against one or more Travelers defendants.[2] Since we issued this show cause order, the parties have notified us of 30 related actions. Plaintiffs in ten of these 44 actions support the creation of a Travelers MDL. They variously suggest three potential transferee districts: the Western District of Washington; the Southern District of New York; and the Northern District of California. Plaintiffs in three cases oppose centralization, one of which alternatively suggests centralization in the Eastern District of Missouri. The Travelers defendants oppose centralization. Additionally, the

---

[*] Judge David C. Norton took no part in the decision of this matter.

[1] A fifteenth action on the show cause order, filed in the Northern District of California, was dismissed by Judge John S. Tigar and has been appealed. *See Mudpie, Inc. v. Travelers Casualty Insurance Company of America*, N.D. California, C.A. 4:20–03213.

[2] Travelers Casualty Insurance Company of America, The Travelers Indemnity Company of Connecticut, The Charter Oak Fire Insurance Company, The Phoenix Insurance Company, The Travelers Indemnity Company of America, The Travelers Indemnity Company, Travelers Property Casualty Company of America, Northfield Insurance Company, Travelers Lloyds Insurance Company, Travelers Lloyds Management Company, and The Travelers Companies, Inc.

-2-

Panel received two briefs by amici curiae, one in support of and one in opposition to centralization.

After considering the arguments of counsel,[3] we conclude that centralization of the Travelers actions will not serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. Centralization of these actions presents a close question. The insurance policies at issue in the Travelers actions appear to use standard forms drafted by the Insurance Services Office (ISO), and will involve interpretation of common policy language, such as the phrase "direct physical loss or physical damage to property." Further, the policies have a similar purported virus exclusion. To the extent discovery is necessary of Travelers regarding the drafting and interpretation of its policies, such discovery will be common to all actions. Thus, these actions present common legal and factual questions that could, in other circumstances, support centralization.[4]

Common factual questions, however, are not the sole prerequisite for centralization under Section 1407. Centralization also must promote the just and efficient conduct of the actions. This litigation demands efficiency. As counsel repeatedly emphasized in their papers and during oral argument, time is of the essence in this litigation. Many plaintiffs are on the brink of bankruptcy as a result of business lost due to the COVID-19 pandemic and the government closure orders. The most pressing question before us, then, is whether centralization presents the most efficient means of advancing these actions towards resolution.

Efficiency here is best obtained outside of an MDL. If these actions were centralized, the transferee court would have to establish a pretrial structure to manage numerous plaintiffs, many of which are pursuing distinct theories of liability.[5] The court also would need to identify common

---

[3] In light of the concerns about the spread of COVID-19 virus (coronavirus), the Panel heard oral argument by videoconference at its hearing session of September 24, 2020. *See* Suppl. Notice of Hearing Session, MDL No. 2965 (J.P.M.L. September 8, 2020), ECF No. 64.

[4] Travelers asserts that centralization is inappropriate for the handling of purely legal questions, such as policy interpretation questions. It is true that common legal questions, standing alone, are not sufficient to satisfy Section 1407's requirement that there be common factual questions. *See In re ABA Law School Accreditation Litig.*, 325 F. Supp. 3d 1377, 1378–79 (J.P.M.L. 2018). Centralization may be appropriate even where legal questions are prominent, however, so long as common factual issues are present. *See In re Polar Bear Endangered Species Act Listing & 4(d) Rule Litig.*, 588 F. Supp. 2d 1376, 1377 (J.P.M.L. 2008) ("The Panel must determine the extent of the common factual issues and the likelihood that centralized pretrial proceedings will create important efficiencies, avoid inconsistent rulings, and result in the overall fairer adjudication of the litigation for the benefit of all involved parties.").

[5] For instance, some plaintiffs argue that the COVID-19 virus is present on and caused damage to their properties. Others allege that they suffered damage as a result of state and local governments' orders restricting or closing businesses. And some plaintiffs allege unique theories
(continued...)

-3-

policies with identical or sufficiently similar policy language and interpret those policies under applicable state laws. The Travelers actions are pending in 22 districts in fifteen states and the District of Columbia. It will take a not insignificant amount of time to organize this litigation and resolve the central policy interpretation questions. In the meantime, dispositive motions addressing these policy interpretation questions are pending in 35 of the 44 actions, at least eleven of which are fully briefed. Rather than have one judge attempt to organize and resolve the core policy interpretation issues, it strikes us that allowing the various transferor courts to decide these questions will result in quicker and more efficient resolution of this litigation.

Furthermore, should plaintiffs' claims survive dispositive rulings on the policy interpretation questions,[6] discovery appears relatively straightforward. While some of this discovery may well be common (particularly any discovery directed to Travelers regarding the drafting and interpretation of its policy language), much of the discovery will be plaintiff- and property-specific. In these circumstances, it is more likely the actions will reach an expeditious resolution if they remain in the transferor courts. We impress upon the courts overseeing these actions the importance of advancing these actions towards resolution as quickly as possible.

Accordingly, centralization of the actions listed on Schedule A is not warranted. To the extent necessary, alternatives to centralization are available to minimize any duplication in pretrial proceedings, including informal cooperation and coordination among the parties and courts. We also note that some similar actions are pending in the same district before multiple judges, and it may be appropriate for the courts or the parties to seek to relate those before one judge.

IT IS THEREFORE ORDERED that the order to show cause regarding the actions listed on Schedule A is vacated.

---

[5](...continued)
of coverage, such as the dental practices in the Eastern District of Missouri *Edwards* action, which assert that they closed their practices not as a result of civil authority orders, but based on guidance from the Centers for Disease Control and the American Dental Association. These distinct claims likely will require different legal analysis and different discovery.

[6] We take no position on the merits of these dispositive motions. *See In re Kauffman Mut. Fund Actions*, 337 F. Supp. 1337, 1339-40 (J.P.M.L. 1972) ("The framers of Section 1407 did not contemplate that the Panel would decide the merits of the actions before it and neither the statute nor the implementing Rules of the Panel are drafted to allow for such determinations."). To date, there has been only two rulings on motions to dismiss in Travelers actions. *See 10E, LLC v. Travelers Indemnity Co. of Connecticut, et al.*, C.A. No. 2:20-4418, 2020 WL 5359653 (C.D. Cal., Sept. 2, 2020); *Mudpie*, C.A. 4:20–03213, ___ F. Supp. 3d ___, 2020 WL 5525171 (N.D. Cal., Sept. 14, 2020).

-4-

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Ellen Segal Huvelle           R. David Proctor
Catherine D. Perry            Nathaniel M. Gorton
Matthew F. Kennelly

IN RE: TRAVELERS COVID-19 BUSINESS
INTERRUPTION PROTECTION INSURANCE LITIGATION                MDL No. 2965

## SCHEDULE A

Central District of California

TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA v. GERAGOS
    AND GERAGOS, C.A. No. 2:20–03619
MARKS ENGINE COMPANY NO. 28 RESTAURANT, LLC v. TRAVELERS
    INDEMNITY COMPANY OF CONNECTICUT, ET AL, C.A. No. 2:20–04423
G & P HOSPITALITY, LLC v. THE TRAVELERS COMPANIES, INC.,
    C.A. No. 2:20–05148

Eastern District of Missouri

GLENN R. EDWARDS, INC., ET AL. v. THE TRAVELERS COMPANIES, INC.,
    ET AL., C.A. No. 4:20–00877

District of New Jersey

J.G. OPTICAL, INC. v. THE TRAVELERS COMPANIES, INC., C.A. No. 2:20–05744

Southern District of New York

SERVEDIO v. TRAVELERS CASUAL INSURANCE COMPANY OF AMERICA,
    C.A. No. 1:20–03907

Eastern District of Pennsylvania

ERIC R. SHANTZER, DDS v. TRAVELERS CASUALTY INSURANCE COMPANY
    OF AMERICA, ET AL., C.A. No. 2:20–02093

Northern District of Texas

SALUM RESTAURANT LTD. v. THE TRAVELERS INDEMNITY COMPANY,
    C.A. No. 3:20–01034

Southern District of Texas

FROSCH HOLDCO, INC., ET AL. v. THE TRAVELERS INDEMNITY COMPANY,
    ET AL., C.A. No. 4:20–01478

-A2-

<u>Western District of Washington</u>

NGUYEN v. TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA,
  C.A. No. 2:20–00597
FOX v. TRAVELERS CASUALTY COMPANY OF AMERICA, C.A. No. 2:20–00598
HSUE v. TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA,
  C.A. No. 2:20–00622
KASHNER v. TRAVELERS INDEMNITY COMPANY OF AMERICA,
  C.A. No. 2:20–00625
BATH v. TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA,
  C.A. No. 3:20–05489